UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00178-MR

| JOHN N. LOWERY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU SHOOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on its own motion and on a Motion to Strike Waiver of Service and for Personal Service by USMS on FNU Shook, [Doc. 18].

On March 13, 2023, the North Carolina Department of Adult Corrections (NCDAC) filed a document under seal indicating it was unable to procure waivers of service for Defendants FNU Snuffer, FNU Miller, FNU Cook, and FNU McGrady for the reasons stated in that document. [Doc. 17]. The sealed document provides the last known addresses for these Defendants, as well as these Defendants' true full names, which the Court will direct the Clerk to substitute in the docket in this matter. [Id.]. The same day a Waiver of Service for Defendant FNU Shook was returned executed. [Doc. 16]. The Waiver of Service identified Defendant FNU Shook as Jason

Shook. [See id.]. Mr. Jason Shook signed the Waiver, purporting to waive service for this Defendant. [See id.]. Now before the Court, however, is a motion filed by the NCDAC seeking that the Court strike the executed Waiver and direct the U.S. Marshal to effect service on Defendant FNU Shook. The motion explains that further investigation determined that Jason Shook is not the "FNU Shook" referred to in Plaintiff's Complaint. [Doc. 18 at 1]. FNU Shook, as referenced in Plaintiff's Complaint, is Michael Shook, a former NCDAC employee. [Id.]. To that end, the NCDAC filed another document under seal indicating it was unable to procure a waiver of service for Defendant Michael Shook for the reasons stated in that document. [Doc. 19]. The sealed document provides the last known address for Defendant Michael Shook. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway,

2

Case 5:22-cv-00178-MR   Document 20   Filed 03/20/23   Page 2 of 4

No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDAC, no waivers from Defendants Snuffer, Miller, Cook, McGrady, or Shook were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on these Defendants, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket Nos. 17 and 19 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Snuffer, Miller, Cook, McGrady, and Shook.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk issue redacted Summonses for Defendants Snuffer, Miller, Cook, McGrady, and Shook, and send a copy of this Order, the Complaint [Doc. 1], the redacted Summonses,

and Docket Nos. 17 and 19 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Snuffer, Miller, Cook, McGrady, and Shook in accordance with Rule 4.

**IT IS FURTHER ORDERED** that the Motion to Strike Waiver [Doc. 18] is **GRANTED** and the Waiver of Service for Defendant FNU Shook [Doc. 16] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to substitute the true full names of FNU Snuffer as Brent Snuffer, FNU Miller as Jeffrey B. Miller, FNU Cook as Jordan A. Cook, FNU McGrady as Joshua McGrady, and FNU Shook as Michael Shook.

**IT IS SO ORDERED**.

Signed: March 20, 2023

Martin Reidinger
Chief United States District Judge