UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00178-MR

| JOHN N. LOWERY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| MICHAEL SHOOK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default [Doc. 41] and Motion for Default Judgment [Doc. 42].

Plaintiff John N. Lowery ("Plaintiff") filed this lawsuit on December 1, 2022. [Doc. 1]. On January 10, 2023, Plaintiff's Complaint survived initial review based on Plaintiff's Eighth Amendment excessive force and assault and battery claims against Defendants Shook, Snuffer, Miller, Cook, and McGrady alleged to have occurred while Plaintiff was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 10]. In his Complaint, Plaintiff alleged, in pertinent part, as follows. On March 24, 2020, at approximately 11:00 a.m., after Plaintiff was shoved into the shower, all Defendants in this action began assaulting Plaintiff. [Doc. 1 at 5]. Without provocation, "they maliciously and sadistically punched plaintiff in his face,

head, neck, body, and slammed plaintiff's head and face into the shower wall several times while calling him a 'Nigger.' …They busted plaintiff's head and forhead[.] They cut plaintiff's right eye. They busted plaintiff's upper lip and inside mouth, and they loosen plaintiff's front tooth." [Id.]. Plaintiff also suffered mental anguish from the incident. [Id. at 8]. Around two or three months after the incident, the North Carolina State Bureau of Investigation (SBI) investigated the incident and "the officers were moved off the housing unit." As a result of the SBI investigation, the five Defendants "were terminated from their jobs." [Id. at 7]. For relief in this matter, Plaintiff seeks "$100,000.00 jointly and severely" and $20,000.00 in punitive damages from each Defendant. [Doc. 1 at 21].

Defendants Shook, Miller, and Cook have answered Plaintiff's Complaint.[1] [Docs. 32, 35, 38]. Defendants Snuffer and McGrady were served by summons on March 27, 2023, and April 14, 2023, respectively. Defendant Snuffer's answer was due on April 17, 2023, and Defendant McGrady's answer was due on May 5, 2023. [Doc. 24; 4/19/2023 Docket Entry]. Defendants Snuffer and McGrady, however, have not answered the Complaint or otherwise defended this action. On June 5, 2023, the Court

---

[1] Defendants Shook, Miller, and Cook are represented by Clark Daniel Tew. [See Docs. 31, 34, 37].

ordered Plaintiff to take further action to prosecute this case against Defendants Snuffer and McGrady. [Doc. 39]. Thereafter, on June 15, 2023, Plaintiff filed the pending motions for entry of default and default judgment against these Defendants. [Docs. 41, 42]. The next day, Attorney Tew filed a Notice of Appearance on behalf of Defendant McGrady. [Doc. 43]. Defendant McGrady, however, has still not filed an Answer to Plaintiff's Complaint or otherwise responded to Plaintiff's pending motions. Defendant Snuffer remains unrepresented and has not appeared in this action.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The clerk of court's interlocutory entry of default pursuant to Rule 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. Carbon Fuel Co. v. USX Corp., 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for default judgment under Rule 55(b). Id.

As grounds for entry of default, Plaintiff states that Defendants Snuffer and McGrady "ha[ve] not filed or served an answer or taken other actions as may be permitted by law although more than 55 days have passed since the date of service." [Doc. 41-1]. Plaintiff also simultaneously moved for entry

3

of default judgment. [Doc. 42]. In support of his motion for default judgment, Plaintiff submits a Declaration in which he claims that Defendants Snuffer and McGrady each owe him $25,000.00 in compensatory and punitive damages. [Doc. 42-1].

The Court will grant Plaintiff's motion for entry of default and direct the Clerk to enter default in this matter under Rule 55(a) of the Federal Rules of Civil Procedure against Defendants Snuffer and McGrady. The Court, however, will deny Plaintiff's motion for default judgment as premature. Once the Clerk enters the default of Defendants Snuffer and McGrady, Plaintiff may then move for default judgment under Rule 55(b)(2).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for entry of default [Doc. 41] is **GRANTED** and Plaintiff's motion for default judgment [Doc. 42] is **DENIED**.

The Clerk is **DIRECTED** to enter default in this matter against Defendants Snuffer and McGrady.

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Snuffer at the address listed for Defendant Snuffer in Docket No. 17, which is under seal.

**IT IS SO ORDERED.**

Signed: June 27, 2023

Martin Reidinger
Chief United States District Judge