UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00178-MR

| | |
|---|---|
| JOHN N. LOWERY, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MICHAEL SHOOK, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant Joshua McGrady's Motion for Relief from Entry of Default. [Doc. 47].

Plaintiff John N. Lowery ("Plaintiff") filed this lawsuit on December 1, 2022. [Doc. 1]. On January 10, 2023, Plaintiff's Complaint survived initial review based on Plaintiff's Eighth Amendment excessive force and assault and battery claims against Defendants Shook, Snuffer, Miller, Cook, and McGrady alleged to have occurred while Plaintiff was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 10]. In his Complaint, Plaintiff alleged, in pertinent part, as follows. On March 24, 2020, at approximately 11:00 a.m., after Plaintiff was shoved into the shower, all Defendants in this action began assaulting Plaintiff. [Doc. 1 at 5]. Without provocation, "they maliciously and sadistically punched plaintiff in his face,

head, neck, body, and slammed plaintiff's head and face into the shower wall several times while calling him a 'Nigger.' …They busted plaintiff's head and forhead[.] They cut plaintiff's right eye. They busted plaintiff's upper lip and inside mouth, and they loosen plaintiff's front tooth." [Id.]. Plaintiff also suffered mental anguish from the incident. [Id. at 8]. Around two or three months after the incident, the North Carolina State Bureau of Investigation (SBI) investigated the incident and "the officers were moved off the housing unit." As a result of the SBI investigation, the five Defendants "were terminated from their jobs." [Id. at 7]. For relief in this matter, Plaintiff seeks "$100,000.00 jointly and severely" and $20,000.00 in punitive damages from each Defendant. [Doc. 1 at 21].

Defendants Shook, Miller, and Cook timely answered Plaintiff's Complaint.[1] [See Docs. 32, 35, 38]. Defendants Snuffer and McGrady were served on March 27, 2023, and April 14, 2023, respectively. Defendant Snuffer's answer was due on April 17, 2023, and Defendant McGrady's answer was due on May 5, 2023. [Doc. 24; 4/19/2023 Docket Entry]. After Defendants Snuffer and McGrady failed to timely answer Plaintiff's Complaint or otherwise defend this action, the Court ordered Plaintiff to take further action to prosecute this case against these Defendants. [Doc. 39].

---

[1] These Defendants are represented by Clark Daniel Tew. [See Docs. 31, 34, 37].

Thereafter, on June 15, 2023, Plaintiff moved for entry of default and default judgment against Defendants Snuffer and McGrady. [Docs. 41, 42]. The next day, Attorney Tew filed a Notice of Appearance on behalf of Defendant McGrady.[2] [Doc. 43]. Tew, however, did not file an Answer on Defendant McGrady's behalf or move for an extension of time to respond. Defendant Snuffer remains unrepresented and has not appeared in this action.

On June 28, 2023, nearly two weeks after Attorney Tew appeared in the matter but still not having filed an Answer on Defendant McGrady's behalf or having sought an extension to do so, the Court granted Plaintiff's motion for entry of default and the Clerk entered default as to Defendants McGrady and Snuffer. [Docs. 44, 45]. The Court denied Plaintiff's motion for default judgment without prejudice as premature. [Id.]. The same day, Defendant McGrady filed an Answer to Plaintiff's Complaint and moved to set aside the entry of default.[3] [Docs. 46, 47].

As grounds to set aside entry of default against Defendant McGrady,

---

[2] In the Notice of Appearance, Attorney Tew wrote, that "he is on state court secured leave through today" and that Defendant McGrady "intends to file an answer in this matter promptly." [Doc. 43].

[3] In his motion to set aside entry of default, Defendant McGrady asks that "the Answer filed by him [Doc. 46] be treated as his answer in this matter." [Doc. 4 at 2]. The Court will construe this request as a motion to deem McGrady's Answer timely filed.

3

Attorney Tew argues that McGrady has now answered Plaintiff's Complaint; that Plaintiff's claims "are fantastical and wildly delusional in nature" and "any grant of relief against Defendant McGrady would act as a severe and extreme injustice" to him; that McGrady has "valid defenses" in this matter, which "should be given full and adequate consideration;" that he, Tew, was on state court secured leave from June 12 to June 16, 2023; and that "technical issues" prevented Tew from receiving his client's comments and approval of a draft answer "within a more desirable time frame." [Doc. 47 at 1-2]. Tew also states that the North Carolina Department of Justice caused a substantial delay by failing to provide Defendant McGrady with notice that it would not represent him until nearly a week after McGrady's deadline to respond to Plaintiff's Complaint and that, thereafter, McGrady "was required to expend substantial time and effort in finding an attorney to represent him." [Id. at 2]. Finally, Tew notes that the Court entered default a day before his response to Plaintiff's motion for entry of default was due. [Id. at 1 (citing LCvR 7.1(e))].

Rule 55(c) of the Federal Rules of Civil Procedure authorizes the Court to set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). "Setting aside an entry of default pursuant to Rule 55(c) is a matter which lies largely within the discretion of the trial judge[;] however, Rule 55(c) is to

4

be liberally construed to provide relief from the consequences of default." Miller v. U.S. Dep't of Housing and Urban Dev., No. 1:05CV01045, 2006 WL 2504834, *6 (M.D.N.C. Aug. 29, 2006), aff'd 216 Fed. App'x 367 (4th Cir. 2007). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). As such, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the fault so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious dense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex. Rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-5 (4th Cir. 2006).

These factors weigh in favor of setting aside the entry of default against Defendant McGrady in this case. Defendant McGrady has now asserted meritorious defenses and he was not personally responsible for the failure to timely respond. Moreover, Plaintiff will not be prejudiced by lifting the entry

5

of default and there is no history of dilatory actions. The Court, therefore, will grant Defendant's motion and lift the entry of default in this matter as to Defendant McGrady. The Court will also grant Defendant's motion to deem his Answer timely filed.

In granting Defendant McGrady's motions, however, the Court notes a few things. State court secured leave is not recognized in federal court nor is it relevant that a response to Plaintiff's motion for entry of default was not due until June 29, 2023. Any attorney facing a proper motion for entry of default should, at the very least, immediately move for an out-of-time extension to answer a plaintiff's complaint. Tew's offhand statement in a notice of appearance that he will "promptly" file an already overdue answer has no meaning or effect, especially where no such answer was "promptly" forthcoming in any event. Moreover, a court is free to issue a ruling on a motion without waiting for a party to respond thereto, particularly where it is clear the moving party is entitled to relief. Tew would be well served to familiarize himself with the practices of this Court and the Federal Rules of Civil Procedure before he makes any further presumptions that cannot be corrected so easily.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant McGrady's Motion [Doc. 47] is **GRANTED**, the default entered in this matter against Defendant McGrady is hereby **SET ASIDE**, and Defendant McGrady's Answer [Doc. 46] is deemed timely filed.

**IT IS SO ORDERED**.

Signed: July 3, 2023

Martin Reidinger
Chief United States District Judge