UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00178-MR

| JOHN N. LOWERY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FNU SHOOK, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on a "Motion for Sanctions; Motion to Compel; [and] Motion to Deem Admitted Defendant's [*sic*] Requests for Admissions to the Plaintiff" by Defendants Shook, Cook, McGrady, and Miller (the "Moving Defendants"). [Doc. 56]

## I. BACKGROUND

Pro se Plaintiff John N. Lowery ("Plaintiff"), formerly a prisoner of the State of North Carolina,[1] filed this action pursuant to 42 U.S.C. § 1983 on December 1, 2022, against Defendants Michael Shook, Brent Snuffer, Jeffrey B. Miller, Jordan A. Cook, and Joshua McGrady, all identified as Correctional Officers at Alexander Correctional Institution ("Alexander") in

---

[1] According to the North Carolina Department of Adult Corrections website, Plaintiff was convicted of second-degree rape on July 16, 2004, and was released from physical custody on January 25, 2024.

Taylorsville, North Carolina. [Doc. 1 at 1-3].

Plaintiff alleged that, on March 24, 2020, the day he arrived at Alexander, Defendants used excessive force against him in the shower area and that he was thereafter "hog-tied" for eight hours. [Id. at 5-6]. Plaintiff alleged that the Defendants' use of excessive force was racially motivated. [Id. at 6]. Plaintiff's Eighth Amendment excessive force and state law assault and battery claims survived initial review. [Doc. 10].

After some difficulties with service on the various Defendants, the Moving Defendants were served and subsequently answered Plaintiff's Complaint. The U.S. Marshal obtained service on Defendant Snuffer on March 31, 2023. [Doc. 24 at 3-4]. Defendant Snuffer did not answer Plaintiff's Complaint, and, on June 28, 2023, the Court granted Plaintiff's motion for entry of default against Defendant Snuffer. The Clerk entered default against him the same day.[2] [Docs. 41, 44, 45]. Defendant Snuffer has not moved to set aside the entry of default or otherwise appeared in this matter.

On September 18, 2023, the Court entered its Pretrial Order and Case Management Plan, setting the discovery deadline as January 16, 2024, and

---

[2] Plaintiff also moved for default judgment at this time, which the Court denied as premature. [Docs. 42, 44].

the dispositive motions deadline as February 12, 2024. [Doc. 49]. On December 28, 2023, the Moving Defendants moved for an extension of the discovery deadline because Plaintiff was scheduled to be released from custody in January 2024 and Defendants wished to depose him after his release to mitigate deposition costs. [Doc. 53]. The Court granted the Moving Defendants' motion and extended the discovery deadline to March 15, 2024. [12/29/2024 Text Order].

On March 4, 2024, Plaintiff notified the Court of his new address in Augusta, Georgia. [Doc. 54]. The same day, the Moving Defendants moved for a second extension of the discovery deadline. [Doc. 55]. As grounds, Defendants stated that they had previously served written discovery and a notice of deposition on Plaintiff at his address of record noticing his deposition for March 6, 2024, in Statesville, North Carolina, and that the written discovery and notice of deposition were returned to defense counsel undelivered on or about February 22, 2024. [Id. at 1]. Thereafter, the Moving Defendants learned that Plaintiff had registered as a sex offender in the State of Georgia and that Plaintiff's post-release monitoring had been transferred there. [Id.]. Because Plaintiff failed to timely notify the Court (or Defendants) of his new address and because Plaintiff never responded to or otherwise communicated with defense counsel regarding his deposition or otherwise,

Defendants were forced to cancel Plaintiff's scheduled deposition. [Id. at 2]. The Moving Defendants, therefore, needed an extension of the discovery deadline to serve the returned discovery on Plaintiff and to reschedule his deposition. [Id.]. The Court granted the Moving Defendants' motion and extended the discovery deadline to May 17, 2024. [3/5/2024 Text Order].

Defendants immediately served the written discovery on Plaintiff at his new Georgia address and his response was due by April 8, 2024. [Doc. 56 at 2]. Plaintiff failed to respond. [Id.]. On April 16, 2024, Defendants sent Plaintiff a letter regarding the missing discovery responses, requesting Plaintiff's responses by April 29, 2024, and Plaintiff's availability for his deposition during the first two weeks of May. [Doc. 56-3].

On May 2, 2024, the Moving Defendants filed the pending motion. [Doc. 56]. As of the date of the motion, Plaintiff had not responded to Defendants' letter or their written discovery, and he had made no other contact with defense counsel. [Id.]. Defendants were attempting to unilaterally schedule Plaintiff's deposition at the time of the motion with no expectation that he would comply with a notice of deposition. [Id. at 3]. Defendants also provide that their written discovery included twenty-six (26) requests for admission. [Id.]. For relief, Defendants ask the Court to dismiss Plaintiff's Complaint as a sanction for his failure to participate in discovery

or, alternatively, to order Plaintiff to respond to Defendants' discovery requests and that Defendants' 26 requests for admissions be deemed admitted. [Id.]. Plaintiff did not file a response to Defendants' motion and the deadline to do so has expired. On May 13, 2024, however, Plaintiff improperly filed his belated responses to Defendants' discovery requests, which he apparently also served on Defendants.[3] [Doc. 57; see id. at 10]. On May 16, 2024, the Court granted Defendants' third motion to extend the discovery deadline, which is now June 17, 2024. [5/16/2024 Text Order].

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party … fails to obey an order to provide or permit discovery … the court in which the action is pending may issue further just orders," which may include:

> (i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of this action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

---

[3] The Court will strike this improper filing. As Plaintiff was advised in the Order of Instructions in this matter, discovery requests or responses "shall not" be filed with the Court. [Doc. 5 at ¶ 7 (citing LCvR 26.2)].

>   (iv)  staying further proceedings until the order is obeyed;
>
>   (v)   dismissing the action or proceeding in whole or in part;
>
>   (vi)  rendering a default judgment against the disobedient party; or
>
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(iv). Under subsection (d) of this Rule, the Court may order sanctions where a party fails to appear for their deposition after proper notice or fails to respond to another's party interrogatories. Fed. R. Civ. P. 37(d)(1)(A). These sanctions may include those listed above. Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. Moreover, Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civil P. 41(b).

    Here, the Moving Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice for Plaintiff's failure to respond to Defendants' discovery requests and general "disregard for this case and indifference to

the rules and orders of this court." [Docs. 56, 56-1 at 3-4]. Alternatively, the Moving Defendants ask the Court to compel Plaintiff to respond to Defendants' discovery requests and for an Order declaring that Defendants' requests for admission have been deemed admitted for Plaintiff's failure to timely respond. [Id., Doc. 56-1 at 6-9].

The Court is certainly troubled by Plaintiff's failure to timely respond to Defendants' discovery requests and general disregard for the Orders of this Court and rules of procedure. Given Plaintiff's pro se status and his recent release from a 20-year term of incarceration, however, the Court will deem Plaintiff's recent discovery responses timely and deny the pending motion for sanctions without prejudice. While Plaintiff's failure to appear for his deposition was caused by his own failure to timely notify the Court and the Defendants of his new address, it does not appear that he ever received the deposition notice. To the extent is has not yet been conducted, the Court will order Plaintiff to attend his deposition in Iredell County, North Carolina, as noticed by Defendants on a day and time convenient to Defendants within 30 days of this Order.

Should Plaintiff fail to comply with this Order, Defendants may renew their motion for sanctions as allowed by law. The Court will order the parties to complete discovery within 30 days of this Order and file dispositive

7

motions within 60 days of this Order.

## III. CONCLUSION

In sum, the Court will deny Defendants' motion for sanctions, to compel, and to deem requests for admissions admitted as partially moot and otherwise without prejudice.

Plaintiff is specifically admonished that his failure appear for his deposition or to otherwise comply with this Court's Orders, the Local Rules, or Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendants' costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion [Doc. 56] is **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Discovery Responses [Doc. 57] are hereby **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that the parties shall **COMPLETE** discovery within 30 days of this Order and shall **FILE** dispositive motions within 60 days of this Order.

**IT IS SO ORDERED.**

Signed: June 3, 2024

Martin Reidinger
Chief United States District Judge